Maupin, J.,
concurring:
I concur with the majority that Hollaway’s conviction on the charge of first-degree murder should be affirmed. I also agree with the majority’s statements of doctrine with regard to the process by which persons charged with murder in Nevada may receive the death penalty. Thus, I further agree that a second sentencing hearing is required, but primarily because of the activation of the “stun belt” during the State’s closing argument.[1]
I do have some concern with the majority’s observation that evidence admitted at the guilt phase may be considered by the jury in mitigation of penalty. First, there will be no guilt phase on remand. Second, if Hollaway continues in his quest to be executed, that evidence will never come to light. Third, the defendant, although having no right to set his own penalty—it is the prerogative of the jury or a three-judge panel to determine that issue—has the absolute right to waive or renounce the presentation of any evidence. Thus, on remand, while the process should *749 proceed as indicated by the majority, some of that process may not eventuate at Hollaway’s election.

I do not, however, attach the same significance to the conduct of the prosecutors at trial. My review of the record demonstrates that, with the few exceptions noted by the majority, the prosecutors exercised considerable restraint in their presentation of the case against Hollaway.